**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| ANNA TRAWINSKI BIRLA, | : | CIVIL ACTION NO. 07-1774 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| GEORR M. BIRLA, | : |  |
| Defendant. | : |  |

**THE COURT** ordered the defendant, Georr M. Birla, to show cause why the action should not be remanded to state court under either the domestic relations exception or the Rooker-Feldman doctrine. (Dkt. entry no. 3, Order to Show Cause.) The plaintiff brought this action seeking a divorce from the defendant on September 10, 2001 in New Jersey Superior Court, Family Part ("Family Court"), which entered a judgment of divorce in July 2002 ("Divorce Judgment"). (Dkt. entry no. 1-1, entry pp. 6-9 & 49-52.) The Family Court, by three orders issued in April 2004, July 2004, and February 2005, respectively, granted parts of the plaintiff's separate motions to enforce rights under the Divorce Judgment ("Subsequent Orders"). (Dkt. entry no. 1-4, entry pp. 2-9; dkt. entry 1-5, entry p. 15.)

**THE PLAINTIFF** moved to enforce rights under the Divorce Judgment and Subsequent Orders in August 2005. (Dkt. entry no.

1-1, entry pp. 15-27.)[1]  The Family Court, by order dated September 23, 2005, granted the part of the motion seeking to recover money owed by the defendant for the plaintiff's share of the equity in the former marital home ("September 2005 Family Court Order").  (Dkt. entry no. 1-2, entry pp. 39-45.)  On October 31, 2005, the defendant appealed from the September 2005 Family Court Order (id., entry pp. 34-38), which was affirmed by the New Jersey Appellate Division on August 4, 2006.  (Dkt. entry no. 1-5, entry pp. 13-16.)  On September 5, 2006, the Appellate Division denied the defendant's motion for reconsideration.  (Id., entry p. 17.)  On September 12, 2006, the defendant filed in the New Jersey Supreme Court a petition for certification (id., entry pp. 18-20), which was denied on March 20, 2007.  (Dkt. entry no. 1-2, entry p. 46; dkt. entry no. 1-3, entry pp. 1-2.)

### DEFENDANT'S CLAIMS

The defendant now removes the action from state court, asserting jurisdiction under 28 U.S.C. § 1331 because (1) "the [Family Court] violated [his] Constitutional . . . Rights pursuant to . . . Civil Rights Federal Statutes", including 42 U.S.C. §§ 1982 and 1983, (2) he "is alleging Economic Harm in

---

[1]  The docket number of the original divorce action is FM-15-381-02-S.  Some of the Subsequent Orders feature the original docket number and an additional docket number, J-189994-04.

violation of his First Amendment rights in the State Court's proceedings", and (3) the Family Court proceedings were "injurious . . . causing economic harm in the amount of $179,000 value and initial selling price of residential property sold". (Dkt. entry no. 1-1, Rmv. Not., at 2-3.)  He further alleges:

> [The plaintiff] lost her interest to real estate property July 3, 2003 as punishment for not signing a Quit Claim deed provided [by the defendant's] finance company on 3-24-2003.  Civil forfeiture solely should not have caused the [defendant's] Constitutional protection against civil Double Jeopardy (Res Judicata) and Due Process rights and property ownership rights to have become violated since this is a starting point for the District Court to open this Other Civil Rights removal cause, the State Constitutionality prohibition against civil double jeopardy (res judicata) and rights to hold property/ ownership is cause to remove to Federal District Court of New Jersey since it remains to be seen what direction the State Courts want to take in interpreting their own constitutionality after Petition for Certification was denied by the Supreme Court of New Jersey.
>
> [The defendant] is claiming that the prohibition against minority home ownership in the United States shall have the same right, in every State, Territory, as is and personal property but these were absolutely violated by the State Court lessening the minority owner's $179,000 appraised valued property by $5,000 increments every 30 days until it was sold July 19, 2005.  This violated the Plaintiff's State and Federal Constitutional and other Civil Rights as a minority whose marital status was divorcing a White Polish-American woman, and where said status could have been racially motivated.

(Id. at 3-4 (except for brackets, as stated in original).)

**JURISDICTION**

The defendant bears the burden of demonstrating jurisdiction.  See 28 U.S.C. § 1446(a).  The Court is authorized to examine jurisdiction and remand the action sua sponte.  See 28 U.S.C. § 1447(c).

This Court lacks jurisdiction over a domestic relations matter concerning divorce.  Ankenbrandt v. Richards, 504 U.S. 689, 702-04 (1992); see Galtieri v. Kane, No. 03-2994, slip op. at 3 (3d Cir. Mar. 4, 2004) (stating court has no jurisdiction over domestic relations matter even when complaint drafted in tort, contract, "or even under the federal constitution").  Thus, the Court advised the defendant that the action could be remanded to state court under the domestic relations exception to federal jurisdiction.  (Order to Show Cause, at 3-4.)

The defendant also appears to be attempting to sidestep the proper appellate process by removing the action to a federal district court.  A losing party may seek review through the state appellate process — which the defendant has been doing so far — and then seek certiorari directly to the United States Supreme Court.  D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).  A losing party may not "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates

4

the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).  Thus:

> The Rooker-Feldman doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling.  Stated another way, Rooker-Feldman does not allow a [party] to seek relief that, if granted, would prevent a state court from enforcing its orders.

McAllister v. Allegheny County Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005) (cites and quotes omitted).

It appears that the removal of this action is barred, as relief "can only be predicated upon a finding that the state court has made incorrect factual and legal determinations in entering its orders". Id.  A party dissatisfied by a judgment issued by a state court is barred by the Rooker-Feldman doctrine from then removing the state court action to federal court.  See State Farm Indem. v. Fornaro, 227 F.Supp.2d 229, 241-42 (D.N.J. 2002) (remanding action to state court, as removing party sought review of state court judgment); see also E.B. v. Verniero, 119 F.3d 1077, 1090 (3d Cir. 1997) (stating Rooker-Feldman doctrine bars federal district court from reviewing decision of lower state court); Port Auth. Police Benv. Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't, 973 F.2d 169, 177-78 (3d Cir. 1992) (same).  Thus, the Court advised the defendant that the action could be remanded to state court on that ground.  (Order to Show Cause, at 4-5.)

**DEFENDANT'S RESPONSE**

The defendant, in response to the Court's order to show cause, reiterates his allegations from the notice of removal. (Pl. Resp. to Order to Show Cause.)  He also argues that his claims have more weight in light of a bill — concerning the protection of private landowners from harmful zoning decisions — passed by the House of Representatives only.  (Id. at 3.)

**ACTION WILL BE REMANDED**

The Court has carefully reviewed the defendant's arguments in full.  They are without merit.  The action will be remanded under the Rooker-Feldman doctrine, as the defendant is improperly seeking review of state court judgments by this federal district court.  See DeSantis v. Franklin, 160 Fed.Appx. 237, 238-39 (3d Cir. 2005) (affirming order dismissing federal complaint, similarly seeking review of "state court divorce proceedings and the conditions of the sale of the marital home ordered by the state court", under Rooker-Feldman doctrine).  The defendant is barred from seeking redress in federal court for alleged injuries caused by judgments issued in state court divorce proceedings. Acrivos v. Vaskov, 216 Fed.Appx. 224, 224-25 (3d Cir. 2007) (affirming order dismissing complaint concerning state divorce proceeding under Rooker-Feldman doctrine); see Kwasnik v. Leblon, 228 Fed.Appx. 238, 242 (3d Cir. 2007) (affirming part of order for same), cert. denied, 2007 WL 2260770 (U.S. Oct. 9, 2007).

The Court will grant the order to show cause, and remand the action under the Rooker-Feldman doctrine.  The Court will issue an appropriate order and judgment.[2]

       s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

**Dated:** October 30, 2007

---

[2] The Court, as the action will be remanded under the Rooker-Feldman doctrine, will not address the domestic relations exception.